THE STATE OF FLORIDA *ex rel.* MOSES GUYTON, CLERK OF THE CIRCUIT COURT OF JACKSON COUNTY, FLORIDA, *Plaintiff,* v. A. C. CROOM, AS COMPTROLLER OF THE STATE OF FLORIDA, *Respondent.*

1. Under the provisions of Chapter 4121, laws of 1893, a clerk of a Circuit Court is a proper party, as relator, in a mandamus proceeding to require the Comptroller to honor a requisition by such clerk for the amount of money necessary for the payment of jurors and witnesses to be paid by the State at any regular or special term of the Circuit Court.

2. Section 9, Art. XVI of the constitution, as amended in 1894, does not impose upon the several counties of the State the duty of paying the per diem and mileage of witnesses before a grand jury.

3. The phrase "witnesses duly summoned by the State," which is contained in section 2, chap. 4120, laws of 1893, construed in connection with section 1, chap. 4119, laws of 1893, and in connection with section 2, chap. 5114, laws 1903, (latter appropriating $70,-000 for the payment of jurors and witnesses before the grand juries for the year 1904) embraces witnesses before grand juries and imposes upon the State the duty of paying the per diem and mileage of such witnesses.

4. There is no conflict between section 24, Art. IV of the constitution of 1885 and chap. 4121, laws of 1893, and when a requisition is made by a clerk on the Comptroller for the money to pay jurors and witnesses to be paid by the State, as provided in said chap. 4121, and the amount deemed by him necessary is endorsed on said requisition, and this endorsement is countersigned by the Governor, as required by said section 24, Art. IV of the constitution, such requisition so endorsed and countersigned becomes an order on the Treasurer, within the meaning of the word "order" as used in said section of the constitution, and is authority for the Treasurer to transmit the money to a clerk, as required by said chapter 4121.

This case was decided by the court *En Banc.*

This is a case of original jurisdiction.

*Statement.*

On the petition of the relator, Moses Guyton, clerk of the Circuit Court of Jackson county, Florida, presented to this court, an alternative writ was issued in the following form:

"IN THE SUPREME COURT OF THE
STATE OF FLORIDA.

In the name of the State of Florida,

*To A. C. Croom, as Comptroller of the State of Florida, Greeting:*

Whereas, the sworn petition of Moses Guyton, clerk of the Circuit Court of Jackson county, Florida, filed before this Honorable Court on the 7th day of July, A. D. 1904, shows as follows: That petitioner is clerk of the Circuit Court in and for the county of Jackson, State of Florida, and that said Circuit Court is in session, spring term, 1904. That within four weeks of the commencement of said spring term of said court in and for Jackson county, State of Florida, petitioner, as clerk of the Circuit Court of said county, did make an estimate of the amount necessary for the payment of jurors and witnesses before the grand jury to be paid by the State at said term of court, and in person did call upon the Honorable A. C. Croom as Comptroller of the State of Florida, for the purpose of making a requisition and obtaining such money to the amount of such estimate; but petitioner was informed by the said A. C. Croom as Comptroller, that petitioner's requisition, if containing a requisition for the payment of the fees of witnesses before the grand jury, would not be honored, and that petitioner. would be allowed to make requisition for money to pay jurors only. The said comptroller, basing such refusal upon an opinion of the late Attorney-General, to the effect that fees of witnesses before the grand jury should not be paid by the State, but by the county. That petitioner knowing that the like term of court in the year A. D. 1903

48 Fla—12.

required $1,513.75 for the payment of jurors, and $772.35 for the payment of the fees of witnesses before the grand jury, filled out an estimate and requisition blank, furnished him by said comptroller, for the sum of $1,500 for the payment of jurors only, at said present term of court, and in due process received such sum of $1,500.00. That the board of county commissioners for the county of Jackson, State of Florida, refuse to pay the fees of witnesses before the grand jury or to allow the same to be paid by the county, claiming that under the statutes, such fees should be paid by the State of Florida. That the compensation of jurors and witnesses before the grand jury to be paid by the State at the spring term of said Circuit Court in and for Jackson county, State of Florida, exceeds the amount estimated by the petitioner as clerk aforesaid, in the estimate and requisition forwarded to the comptroller as aforesaid, and said amount is insufficient to pay in full said jurors and witnesses before the grand jury, and petitioner as such clerk did, on the 24th day of June, A. D. 1904, during said present term of the said Circuit Court make his further requisition upon the said comptroller for the amount necessary to pay such deficiency, to-wit: the sum of $500.00, which further requisition is in the words and figures following, to-wit:

ADDITIONAL.

FOR USE OF CLERKS OF THE CIRCUIT COURT ONLY.

———————

———————

OFFICE OF THE
CLERK CIRCUIT COURT, JACKSON COUNTY, FLORIDA.
June 24th, 1904.
*To the Comptroller of the State of Florida, Tallahassee,
Fla.*

SIR: In accordance with the requirements of law, I estimate the amount necessary for the payment of jurors and

witnesses who appear before the grand jury at the spring term, 1904, of the Circuit Court in and for the county of Jackson, to be five hundred dollars.

Witness my hand and official seal this 24th day of June, A. D. 1904.          (Signed)          Moses Guyton,
*Clerk of the Circuit Court for*
(Official Seal.)          *Jackson County, Florida.*

---

*To the Comptroller of the State of Florida, Tallahassee, Fla.*

Sir: I hereby make requisition upon you for the sum of five hundred dollars, to pay jurors and witnesses who appear before the grand jury at the spring term of the Circuit Court in and for the county of Jackson, which convenes on the 13th day of June, 1904. This requisition is made in pursuance of the laws of Florida, and as required by law, the surplus funds, if any, and the pay rolls will be forwarded to the comptroller within ten days after court adjourns.

I understand that witnesses are only to be paid for actual attendance on the grand jury, and not for any other service.

Witness my hand and seal of office this 24th day of June, A. D. 1904.          (Signed)          Moses Guyton,
*Clerk Circuit Court, Jackson County, Fla.*
(Official Seal.)

---

Instructions.—Make requisitions upon the comptroller. If funds are not sufficient make an additional requisition as soon as the fact is ascertained. No funds can be paid you by the collector, and in no event can certificates be issued to jurors and witnesses before the grand jury, except by the direction of the Comptroller.

A. C. Croom, *Comptroller.*

That said further estimate and requisition for $500.00 was forwarded to said Comptroller on said 24th day of

June, A. D. 1904; but the said Comptroller regardless of the statutes in such cases made and provided, failed and refused to transmit to the clerk, said petitioner, the amount required, and still fails and refuses to honor said further requisition or any part thereof, except upon the condition that said requisition be made for payment of jurors only as appears from the letter of the said Comptroller in the words and figures following:

> TREASURY DEPARTMENT, STATE OF FLORIDA,
> COMPTROLLER'S OFFICE.
> Tallahassee, June 24, 1904.

File .119.

HON. MOSES GUYTON,
>    *Clerk of Circuit Court, Jackson Co.,*
>        *Marianna, Fla.*

DEAR SIR: Replying to your letter under date of June 24th enclosing me additional requisition to pay jurors and witnesses before the grand jury, I beg to return you herewith your requisition. Some time since I filed an opinion of the Attorney-General and furnished new forms upon which to make requisition for the payment of jurors only, and have to say when you make your requisition conform to the opinion of the Attorney-General, who is my constitutional legal adviser in the matter, I will be glad to honor same; but so long as you persist in making requisition contrary to this opinion, I must decline until higher authority than the Attorney-General construes the law differently from him.

With kindest regards,

> Yours truly,
> (Signed) A. C. CROOM, *Comptroller.*

That the amount of further requisition is absolutely necessary to pay the jurors and fees of witnesses before the grand jury at said present term of said Circuit Court, and the appropriation made by the last legislature is ample to

supply the funds necessary to the honoring of such requisition, and all such requisitions throughout the State. That petitioner has complied, and is still complying with the statute, and petitioner avers that the action and position taken by the Comptroller is unjustified in law, and is based solely upon the opinion of the Attorney-General.

And, whereas, the said Moses Guyton, clerk of the Circuit Court of Jackson county, State of Florida, prays that a writ of mandamus be issued by the court to you, A. C. Croom as Comptroller of the State of Florida, commanding you forthwith to honor such further requisition of said clerk of the Circuit Court of Jackson county, State of Florida, and forthwith to transmit to said clerk the said amount required, $500.00 being the amount required by said further requisition, and for peremptory writ of mandamus upon the further hearing of this cause.

Now, therefore, we, being willing that speedy and full justice should be done in the premises, in the name of the State of Florida, do command you that you forthwith honor such further requisition of said clerk of the Circuit Court of Jackson county, State of Florida, and forthwith endorse on such further requisition of said clerk of the Circuit Court of Jackson county, State of Florida, the amount that you may deem necessary to pay said jurors and witnesses before the grand jury, or that you show cause before the Honorable Court at the Supreme Court room in the capitol, in the city of Tallahassee, Florida, at 10 o'clock a. m. on Tuesday, the 19th day of July, A. D. 1904, why you refuse to do so; and that you have then and there this writ."

The respondent, by W. H. Ellis, Attorney-General of the State, moved to quash the alternative writ on the grounds stated below, upon which arguments both oral and by brief have been presented to this court.

"1st. The alternative writ does not show such facts as entitle the relator to invoke the aid of the court in com-

pelling the respondent to honor the requisition of the relator for said sum of money.

2nd. The alternative writ does not show that it is the legal duty and obligation of the respondent to perform the act required of him in said writ.

3rd. The allegations in the alternative writ are vague and uncertain.

4th. The law does not require the Comptroller to honor a requisition made by the clerk of the court for the payment of witnesses before the grand jury."

*Wm. B. Farley* for plaintiff.

*W. H. Ellis,* Attorney-General, for respondent.

HOCKER, J. (*after stating the facts*).—The following provisions of the constitution and of the statutes are involved in the consideration of the questions presented: Section 1 of Chapter 4121, laws of 1893, provides "that within four weeks of the commencement of any term of the Circuit Court in and for any county in this State, whether the same be a regular, special or adjourned term, the clerk of the Circuit Court of said county shall make an estimate of the amount necessary for the payment of jurors and witnesses to be paid by the State at said term of court, and shall forward such estimate to the Comptroller of the State, and at the time of forwarding such estimate the clerk shall make his requisition upon the Comptroller for the amount of such estimate, and the Comptroller shall have the power to reduce the amount if in his judgment the requisition is excessive." Section 2 of said act provides: "Upon the receipt of such estimate, and the requisition from the clerk of the Circuit Court, the Comptroller shall endorse on the same the amount that he may deem necessary for the pay of said jurors and witnesses to be paid by the State, and the Treasurer shall transmit that

amount to such clerk of the Circuit Court." Section 3 provides for the apportionment of the appropriation among the counties, and where the amount appropriated is insufficient for its apportionment among the jurors and witnesses and for the giving of certificates showing the compensation still due. Section 4 provides that if the amount transmitted the clerk is unexpended, the residue shall be returned to the Comptroller. Section 5 provides that if the estimate by the clerk is insufficient he shall make a further requisition in the same manner as the original was made. Section 6 provides for triplicate pay rolls of every juror and witness to be paid by the State, the form to be prescribed by the Comptroller; that two of such pay rolls shall be forwarded to the Comptroller; that the Comptroller shall audit the same and draw his warrant on the Treasurer for the amount due therein, and shall pay over to the Treasurer such warrant, and the amount returned by the clerk of the court as provided in section 4.

Section 9, Article XVI, of the constitution of 1885, had not been amended when the foregoing act was passed, and was as follows: "In all criminal cases prosecuted in the name of the State where the defendant is insolvent or discharged, the State shall pay the legal costs and expenses, including the fees of officers, under such regulations as shall be provided by law." This section was amended in 1894, and now reads as follows: "In all criminal cases prosecuted in the name of the State when the defendant is insolvent or discharged the legal costs and expenses, including the fees of officers shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law; and all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses." It is not contended by the respondent that there is any other provision of the constitution of 1885,

relating expressly or by implication to the payment of witnesses before grand juries, or that there is in the constitution any inhibition against such witnesses being paid by the State. His contention, as we understand it, is that there is no statute law providing for the payment by the State of witnesses before the grand jury.

Section 2, Chapter 4120, laws of 1893, provides: "Witnesses duly summoned for the State shall receive for each day of attendance in the Circuit Court * * * one dollar for each day's actual attendance, and five cents for each mile traveled," etc.

Section 1, Chapter 4119, laws of 1893, provides: "That no person who voluntarily appears before the grand jury * * * shall be paid a per diem or mileage as a witness unless the grand jury finds a true bill in the case or cases about which such witnesses appeared to testify, or caused himself or herself to be summoned to testify."

Section 2, Chapter 5114, laws of 1903, appropriates for the payment of jurors and witnesses before the grand juries of 1904, $70,000.

The first question which is presented is, does section 9, Article XVI of the constitution as amended in 1894, impose upon the counties of the State the duty of paying the per diem and mileage of witnesses who appear before a grand jury?

In the case of *Craft v. State,* 42 Fla. 567, 29 South. Rep. 418, this court held that under our judicial system a grand jury is an appendage or adjunct to the Circuit Court, and that perjury committed before that body was a crime committed in a judicial proceeding as defined by our statute law. The phrase "all criminal prosecutions" occurs in the eleventh section of the Declaration of Rights, and we think it is perfectly clear that it does not there apply to investigations by a grand jury, because if it did it would give the accused the right to appear before the grand jury, to meet the witnesses against him face to face, and to have compulsory process for

the attendance of witnesses in his favor before that body. It also requires that the accused shall be furnished with a copy of the indictment against him. Considering that the grand jury is simply an investigating and accusing body which determines whether a case shall be made and prosecuted, and which puts such a case into form and inaugurates a prosecution by presentment or indictment, we do not think that the phrase "all criminal cases prosecuted in the name of the State," used in section 9, Article XVI, constitution of 1885, as amended in 1894, embraces proceedings before that body. The proceedings before a grand jury are *ex parte* on behalf of the State, and while it may be proper for a grand jury to examine all such witnesses as may be necessary to enable it to act reasonably, yet an accused person has no right to demand to be present, or have his witnesses before that body. 10 Ency. Pl. & Pr., 396; *State v. Branch,* 68 N. C. 186. We therefore, do not think that section 9, Article XVI, constitution, *supra,* imposes upon the counties the duty of paying the per diem and mileage of witnesses before grand juries.

The next quesion is, is there any statute law in Florida making it the duty of the State to pay the per diem and mileage of witnesses before grand juries? In construing the language "witnesses duly summoned for the State," etc., of section 2, Chapter 4120, laws of 1893, we are aided in determining what is meant, by considering in connection therewith section 1, Chapter 4119, laws of 1893, these statutes being *pari materia.* It will be seen that this section is constructed upon the theory that witnesses before a grand jury are to be paid by the State, and it creates an exception to this rule. It is a legislative recognition of what is meant by the language "witnesses duly summoned for the State" in the second section of the succeeding chapter, and is a construction of that language, to the effect that it embraces witnesses summoned before a grand jury. We think this is a proper construction, and that witnesses before a grand jury

are State witnesses, and entitled to a per diem and mileage, which is to be paid by the State.

The next inquiry is whether this proceeding is properly brought on the relation of the clerk of the Circuit Court. In *Holland v. State ex rel. Duval County*, 23 Fla. 123, 1 South. Rep. 521, it is held in the 6th headnote: "When a statute imposes a power or duty upon a board of officers and to execute such power or perform such duty it becomes necessary to obtain a writ of mandamus they may apply for the same." We see no reason why this rule should not apply to the clerk of the Circuit Court whose duties and powers, as here attempted to be enforced, are conferred by law. 13 Ency. Pl. & Pr., 627.

It is next contended by respondent that Chapter 4121, laws of 1893, is in conflict with section 24, Article IV of the constitution.    That section is as follows: "The Treasurer shall receive and keep all funds, bonds and other securities, in such manner as may be prescribed by law, and shall disburse no funds, nor issue bonds, or other securities except upon the order of the Comptroller, countersigned by the Governor, in such manner as shall be prescribed by law." The contention is that said Chapter 4121 requires the Treasurer to disburse funds without an order of the Comptroller, countersigned by the Governor, and contrary to the provisions of the constitution.    It is an established rule of construction of statutes that they will not be regarded as unconstitutional unless they are plainly so.    This chapter, as before stated, in its first section, requires the clerk of the Circuit Court to make a requisition upon the Comptroller for the estimated amount necessary to pay jurors and witnesses to be paid by the State, at any regular or special term of the Circuit Court.    The second section requires the Comptroller to endorse on such requisition the amount he may deem necessary for such purposes, and that the Treasurer shall transmit that amount to such clerk.    The statute does not in terms call such an endorsement on the requisition by the

Comptroller *an order,* nor does it require it to be counter-signed by the Governor; but we think such an endorse-ment by the Comptroller, if countersigned by the Governor would amount to an order such as is required by the constitution, section 24, Article IV, and we can discover no reason why the Governor, in order to carry out the clear intent of the Legislature, should not counter-sign such an endorsement, unless in his judgment there were other sufficient reasons, independent of the defect of the statute, why he should not do so.  As there is no prohibition in the constitution against such action on his part, and as he is the chief executive officer of the State, charged with the high function of seeing to it that the laws are executed, we are not able to discover in what respect such action would be an infraction of any constitutional duty.  This Chapter 4121, laws of 1893, provides a special method of disbursing money by the Treasurer, and does not conflict with the general law, section 119, Revised Statutes of 1892, providing for war-rants.  We do not intend hereby to infringe upon any dis-cretionary power which is vested in either the Governor or the Comptroller.  We simply mean to say that construing the statute and the constitution together, the law can be executed and carried into effect without any infraction of the consti-tution by any official, and in such manner as to protect the Treasurer, and that, therefore, the statute is not unconsti-tutional.

The motion to quash the alternative writ is overruled, and the respondent is allowed until the 26th of July, A. D. 1904, to show cause why a peremptory writ should not then be issued.

TAYLOR, C. J., and CARTER, SHACKLEFORD and COCK-RELL, JJ., concur.

WHITFIELD, J., being disqualified, took no part in the consideration of this case.