THE STATE OF FLORIDA *ex rel.*, E. P. MARTIN, *Plaintiff in Error*, v. THE BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA, *Defendant in Error*.

## Opinion Filed March 7, 1921.

Section 14, Chapter 8061, Acts of 1919, is in conflict with Section 27, Article III, of the Constitution, and with Section 9, Article XVI, as amended in 1894; the statute is, therefore, inoperative.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*E. P. Martin*, in Pro per;

*Mabry & Carlton*, for Defendant in Error.

PER CURIAM.—By mandamus proceedings the relator seeks to compel the County Commissioners of Hillsborough County to "pay unto E. P. Martin, the 'Probation Officer' in and for Hillsborough County, the sum of One Thousand Dollars, that being the amount shown to be due him on June the 27th, A. D. 1920, for having performed the duties of said office."

The Court dismissed the writ and relator took writ of error.

The demand is predicated upon Section 14, Chapter 8061, of the Special Acts of 1919, the title of the Act and Section 14 thereof are as follows:

"AN ACT to Create and Establish a Juvenile Court in and for Hillsborough County, Florida; to Provide for a

Judge of Said Court and to Define His Powers and Du-
ties; to Provide for the Expense of Said Court and Com-
pensation of Said Judge, and to Provide for the Appoint-
ment of Probation and Assistant Probation Officers and
a Clerk of the Juvenile Court.

"Sec. 14.   That the Governor of the State of Florida,
upon the recommendation of the County Commissioners
of Hillsborough County, Florida, shall appoint a Proba-
tion Officer and one or more Assistant Probation Offi-
cers for Hillsborough County, Florida, of either sex. The
term of the Probation Officer and Assistant Probation
Officers shall be for four years from date of appoint-
ment and their duties shall be those prescribed for Proba-
tion Officers by Chapter 6216, of the Acts of 1911, and
such other duties as may be prescribed by law. The sal-
ary of the Probation Officer shall be fixed by the Board
of County Commissioners and shall not be more than Six-
teen Hundred ($1,600.00) Dollars per annum and the sal-
ary of Assistant Probation Officers shall be fixed by the
Board of County Commissioners and shall not be more
than One Thousand ($1,000.00) Dollars per annum and
shall be paid in equal monthly installments by the Coun-
ty Commissioners of Hillsborough County, Florida, out
of the Fine and Forfeiture Fund at the annual rate here-
in fixed. The Probation Officer of Hillsborough County
now appointed shall be the Probation Officer for the re-
mainder of the present term, but with the compensation
and expenses as provided in this Act.   The actual ex-
penses of the Probation Officer and Assistants incurred
in the discharge of their duties shall  not  exceed fifty
($50.00) dollars per month, and shall  be  paid by the
County Commissioners of Hillsborough County, Florida,
out of the Fine and Forfeiture Fund, and they are here-
by authorized and directed to issue their warrants for

such expenses. The County Commissioners of Hillsborough County, Florida, are hereby authorized to furnish such necessary equipment for use of the Probation Officer and Assistants as may be required for the proper conduct of the office. The Probation Officer shall be the Clerk of the Juvenile Court of Hillsborough County, Florida, and shall perform the duties of such Clerk."

Even if Section 14 does not violate Section 16, Article III, of the Constitution, in that it is not within a single subject expressed in the title or matter properly connected therewith, it is repugnant to the provision of Section 27 of Article III, which requires the compensation of officers to be fixed by law.   Board of Com'rs of Hillsborough County v. Savage, 63 Fla. 337, 58 South. Rep. 835; State ex rel. Clarkson v. Philips, 70 Fla. 340, 70 South. Rep. 367.   Section 14 also conflicts with Section 9, Article XVI, as amended in 1894, which commands that the fine and forfeiture fund shall be applied to the legal costs and expenses of criminal prosecutions.

The command of the writ may be inappropriate as a matter of procedure in mandamus.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.