C. H. CRANDON, et al., *Appellants,* v. NELSON-BULLOCK COMPANY, a corporation, *Appellee.*

147 So. 582.
Opinion filed April 7, 1933.

*A. B. Small & Wallace Ruff, Fred Botts and Hudson & Cason,* for Appellants;

*Loftin, Stokes & Calkins,* for Appellee.

WHITFIELD, P. J.—A Florida corporation owning taxable real estate in Dade County, Florida, brought a bill in equity to enjoin the payment by the county commissioners of county funds for the services of expert accountants or clerical assistants employed by the county solicitor of the county in examining into the affairs of closed State banking institutions in the county. The bill of complaint prays that the county commissioners be enjoined "from paying, or causing to be paid, out of the Emergency Fund of the Fine and Forfeiture Fund of Dade County, Florida, and out of any other of the public funds of said county, any money whatsoever for the employment of an expert accountant or accountants or clerical assistants or other persons for the purpose of an examination or investigation of the affairs of the Bank of Bay Biscayne or the Biscayne Trust Company, each of Miami, Florida." This appeal is from an order overruling a demurrer to the bill of complaint.

It appears from the record that the county commissioners of Dade County in adopting a resolution recited in a preamble thereto that

"The State Attorney * * * and the County Solicitor, * * * the prosecuting officers of this County, have appeared before this Board and represented to it that owing to the magnitude of the work involved in an investigation in the affairs of said Banks in order to ascertain if there has been any violation of the banking laws of the State, it appears to be necessary for the County Solicitor's office to be supplied with the services of expert accountants and investigators and clerical assistants;" and that

"This Board has been advised by its Attorney, as well as by the State Attorney and the County Solicitor, that it has the legal authority to employ such expert accountant or

accountants and clerical assistance for said work, the same to be carried on under the direction of the County Solicitor's office, and the Board is of the opinion that an emergency has thus arisen, requiring an expenditure of a portion of the emergency fund, a part of the Fine and Forfeiture fund of this County;

"THEREFORE, BE IT RESOLVED:

"1st. That the Board finds that an emergency has arisen out of the failure of said Banking institutions which requires this Board to provide for the employment of the expert accountant or accountants and clerical assistance, so requested by the State Attorney and the County Solicitor, for facilitating and carrying on the examination of and investigation into the affairs of said Banks, as above referred to, and that the costs and expenses of such employment is a charge against the County, authorized by law, and is payable out of the emergency fund of the Fine and Forfeiture Fund of the County; and,

"2nd. That the County Solicitor be and he is hereby authorized to employ one or more expert accountants, persons familiar with investigations of the character herein indicated and experienced in such work, and such additional clerical assistance as may be necessary, for service in the matter of examining and making an investigation into the affairs of said Bank of Bay Biscayne and the Biscayne Trust Company during the past several years, such accountant or accountants and clerical assistance so employed to work in connection with and under the direction of the County Solicitor or some one of his assistants designated by the County Solicitor, and to be employed exclusively in the investigation concerning or appertaining to the said Banks and in connection with the conduct of their affairs, and the sum of $6,000.00, payable out of the

emergency fund, a part of the Fine and Forfeiture Fund, or so much thereof as may be necessary, is hereby appropriated for the payment of said accountant or accountants and clerical assistants; provided, before any such persons shall be employed, the compensation to be paid him, her or them, shall first be submitted to this Board by the County Solicitor, and by this Board approved."

Section 9, Article XVI, of the Constitution as amended in 1894 is:

"In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committtd, under such regulations as shall be prescribed by law; and all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses."

Section 2825 (1774) Compiled General Laws, provides that

"There shall be in every county of this State a separate fund to be known as the fine and forfeiture fund. Said fund shall consist of all fines and forfeitures collected in the county under the penal laws of the State, all costs refunded to the county, all funds arising from the hire or other disposition of convicts and the proceeds of any special tax that may be levied by the county commissioners for expenses of criminal prosecutions. Said funds shall be paid out only for criminal expenses, fees and costs where the crime was committed in the county, in accordance with the provisions of this Chapter."

Prior to the adoption of the amendment to Section 9, Article XV of the Constitution, at the general election in

1894, the costs and expenses of criminal prosecutions when the defendant was insolvent or discharged, were paid by the State; and under original Section 9, Article XII of the Constitution, the net proceeds of all fines collected under the penal laws of the State within a county were a part of the county school fund of the county. The amendment to Section 9, Article XVI, requires the costs and expenses of criminal prosecutions, to be paid by the counties respectively, and by implication amended Section 9, Article XII, so that all fines collected under the penal laws of the State shall be paid into the county treasuries as a general fund to be applied to the costs and expenses of criminal prosecutions, under such regulations as shall be prescribed by law. See Board of Pub. Inst. of Polk Co. v. Board of Commissioners of Polk Co., 58 Fla. 391, 50 So. 574, H. N. 7; Douglas v. Smith, 66 Fla. 460, 63 So. 844. Thus the costs and expenses of criminal prosecutions are now to be paid by the counties; and fines collected go into the fine and forfeiture fund of the county to be applied to the legal costs and expenses in criminal cases prosecuted in the name of the State when the defendant is insolvent or discharged.

In criminal prosecutions, the "costs and expenses, including the fees of officers," that are required by Section 9, Article XVI, to be paid by the counties do not include the per diem and mileage of witnesses before grand juries. State ex rel. Guyton v. Croom, 48 Fla. 176, 37 So. 303; or the salaries of probation officers, State ex rel. Martin v. Board County Commissioners, 81 Fla. 271, 87 So. 917.

Amended Section 9, Article XVI, does not establish a fine and forfeiture fund in each county for the payment of the legal costs and expenses of criminal prosecutions, but it requires fines and forfeitures collected under the penal laws of the State to be paid into the respective county

treasuries "as a general county fund to be applied to such legal costs and expenses."

The statute above quoted establishes in each county "a separate fund to be known as the fine and forfeiture fund." It provides that said fund shall consist of (1) all fines and forfeitures collected in the county under the penal laws of the State, (2) all costs refunded to the county, (3) all funds arising from the hire or other disposition of convicts and (4) the proceeds of any special tax that may be levied for expense of criminal prosecutions. Said funds shall be paid out only for criminal expenses, fees and costs, and the fees and costs are a legal claim against the county in accordance with the provisions of the statute.

Sections 1 and 2 of Chapter 11933, Acts of 1927, provide as follows:

"Section 1. That from and after the passage of this Act the County Commissioners of Dade County, Florida, shall rent, purchase or otherwise provide for suitable, sufficient and the necessary office space required for the County Solicitor of Dade County, Florida, and the State Attorney for the Eleventh Judicial Circuit in and for Dade County, Florida, and their assistants authorized by law; and also to provide said County Solicitor and State Attorney and their assistants with suitable office equipment and furnishings and other expenses incidental and necessary to the operation of either or both such offices.

"Sec. 2. That such expenses so incurred by the County Commissioners of Dade County, Florida, as above set out shall be payable out of the Fine and Forfeiture Funds of said County, and the current expenses shall be paid monthly."

If "the emergency fund of the fine and forfeiture fund of Dade County" is a part of the statutory fine and forfeit-

ure fund of the county, such fund cannot be used to pay for the services of expert accountants or clerical assistants or other persons employed by the county solicitor of the county to examine and investigate the affairs of insolvent banks or trust companies in the county, because it does not appear that the expenses of such examination and investigation are, under any regulations prescribed by law, made "legal costs and expenses," in criminal cases prosecuted in the name of the State; and Chapter 11933, Acts of 1927, does not authorize the stated services to be paid from the fine and forfeiture fund of the county. The words "and other expenses incidental and necessary to the operation of" the offices of State Attorney and County Solicitor of Dade County "shall be payable out of the fine and forfeiture funds of said county" as used in Chapter 11933, do not include expenses for the services of expert accountants or clerical assistants employed by the county solicitor to examine and investigate the affairs of insolvent banks or trust companies in the county.

Affirmed.

Davis, C. J., and Ellis, Terrell, and Buford, J. J., concur.

Brown, J., disqualified.