STATE, *ex rel.* CHAS H. CRIM, v. J. H. JUVENAL, as Chairman, *et al.,* as members and composing and constituting the Board of County Commissioners of Broward County, Florida, *et al.*

No. A.

163 So. 569.

Opinion Filed April 5, 1935.

Rehearing Denied April 26, 1935.

*C. H. Crim,* for Relator.

*Rogers & Morris* and *E. B. Griffis,* for Respondents.

DAVIS, J.—The controversy which gives rise to this opinion will be found more particularly related in the previous opinion of this Court herein on February 25, 1935. See State, *ex rel.* Crim, v. Juvenal, 118 Fla. 485-487, 159 Sou. Rep. 663, 665. The alternative writ has subsequently been amended to conform to our previous opinion and the proposition now before us for decision on respondents' renewed motion to quash the alternative writ in its present form is whether or not Chapter 16105 (House Bill No. 1028), Acts of 1933, providing for the abolishment of the office of Probation Officer under Chapter 62116, Act of June 6, 1911, and the amendatory Acts thereto in all counties of the State having a population of not less than 19,000 nor more than 22,000 according to the 1930 Federal census, is a constitutional, valid and enforceable law of the State of Florida.

An inspection of said Chapter 16105, Acts of 1933, shows that it is not only patently defective in referring in body and title to a non-existent statute of Florida, to-wit: Chapter 62116, Act of June 6, 1911;* as the object of its operation, but furthermore is a special and local Act of the Legislature practically and potentially applicable only to Broward County and attempted to be enacted in a manner contrary to Sections 20 and 21 of Article III of the State Constitution. It is therefore utterly null and void. This Court judicially knows that Broward County is the only county that possibly could ever have not less than 10,000 nor more than 22,000 population according to Federal Census for the specified and limited year 1930. So the attempted Act must be dealt with as a special and local law intended to operate only in Broward County, and must be tested by the requirements of validity pertaining to such special and local laws when attempted to be passed by the Legislature in disregard of what is provided with reference thereto by Sections 20 and 21 of Article III of the State Constitution.

Relator having shown himself to have been appointed and to have qualified and served as the County Probation Officer of Broward County pursuant to the provisions of Section 3690 C. G. L., 2535 R. G. S., is entitled to be paid for his services the legal compensation provided by law to be paid to such officer, notwithstanding the provisions of Chapter 16105, Acts of 1933, which we hold to be unconstitutional and therefore ineffective for the reasons hereinbefore stated. Hence the motion to quash the amended alternative writ of mandamus should be denied.

---

*Probably intended for Chapter 6216, Acts of 1911, as amended by Chapter 6494, Acts of 1931, now Section 3690 C. G. L., 2325 R. G. S.

In Board of County Commissioners of Hillsborough County v. Savage, 63 Fla. 337, 58 Sou. Rep. 835, the provisions of original Chapter 6216, Acts of 1911, were attacked as unconstitutional and therein held invalid in part. The Legislature subsequently enacted Chapter 6494, Acts of 1913, to cure the defects that had been found by this Court to exist in the earlier 1911 Act with reference to the compensation to be paid the County Probation Officers. Still later the Legislature acting under Section 17 of Article III of the Constitution passed a general revision of all the laws of Florida in the form of the Revised General Statutes of Florida, 1920, and included Chapters 6216 and 6494 therein and as a part thereof. Section 2325 R. G. S. (3690 C. G. L.) as a general and permanent law of the State of Florida resulted from such inclusion.

It is obvious, therefore, that Section 2325 R. G. S. being a section of the permanent and general statutes of the State of Florida by reason of its incorporation into the 1920 Revised General Statutes as a general law, there is no force to the respondents' objection that it is violative of Section 21 of Article III of the Constitution.

Neither is said Section 2325 R. G. S. (3690 C. G. L.) unconstitutional as an unauthorized delegation of legislative power to the County Commissioners in violation of Article II and Section I of Article III of the Constitution of Florida. When said statute is construed in the light of what was recently held by this Court in *Ex Parte* Lewis, 101 Fla. 624, 135 Sou. Rep. 147, it appears to be sustainable as an appropriate legislative Act designed to accomplish a general public purpose in the state at large, the Act to become effective *pari passu* in the several counties of the State according to a factual determination to be made by the Governor and by the County Commissioners of the local

circumstances evidencing the need of the several counties from time to time for the services of a County Probation Officer in such counties as' may seek the appointment of such officer at the hands of the Chief Executive of the State.

Unlike the situation presented to the Supreme Court of Maine in State, *ex rel.* Young, v. Butler, 105 Me. 91, 73 Atl. Rep. 560, 18 Ann. Cas. 484, 24 L. R. A. (N. S.) 744, the Florida Statute (Section 2325 R. G. S. *supra*) *ex proprio vigore* definitely and completely creates the office of County Probation Officer for *each and every* County of the State of Florida, but reserves for local determination by the Board of County Commissioners of each and every county, the exact time when the local conditions in the county are such as to demonstrate the actual local need for putting the Probation Officer Act into practical operation by recommending appointment of such officer by the Governor. Thus the Legislature, without reference to any choice on the Chief Executive's part as to whether the office shall be created, has itself by its own enactment, brought into potential operation in each and every county of the State the office of County Probation Officer, and the only function the County Commissioners are permitted to perform with relation thereto, is to act in an advisory capacity to the Governor on the subject of local necessity for putting the Probation Officer law into effect in the particular locality by reason of local conditions best known to the County Commissioners as county officers functioning therein.

There is nothing in the State Constitution to make invalid an act providing for the unconditional creation for a county purpose of a local county office, but remitting to the decision of other local county officers, the determination of when there is in the particular county sufficient local need

to require the Governor to fill the office in the first instance in order to have the legislative Act begin to operate in such particular county. See *Ex Parte* Lewis, *supra*.

Motion to quash amended alternative writ of mandamus denied, with leave to file further return within ten days, in default of which the Clerk will enter a final judgment awarding relator a peremptory writ at the costs of respondents.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON PETITION FOR A REHEARING

PER CURIAM.—Section 3690 C. G. L., 2325 R. G. S., providing that the compensation of County Probation Officers shall be payable out of the County Fine and Forfeiture Fund, is not violative of Section 9 of Article XVI of the Constitution of Florida that provides for the application to legal costs and expenses of all fines and forfeitures collected under the penal laws of the State of Florida.

Under Section 2825 C. G. L., 1174 R. G. S. the fine and forfeiture fund. as that term is used in the *statutes* of Florida, is constituted in part of a special tax levy of not exceeding two mills, as well as the proceeds of all fines and forfeitures collected under the penal laws of the state and paid into the county treasury pursuant to Section 9 of Article XVI of the Constitution to be applied to legal costs and expenses. Such special tax levy may be disbursed for any county purpose that the Legislature may authorize and the fact that it is paid into and made a part of a special statutory fund commonly described by the lawmakers as the "fine and forfeiture" fund, does not preclude the use of a part of such fund, at least to the extent of the portion of it represented by the special tax levy, to pay the

compensation of county probation officers in accordance with Section 3690 C. G. L., *supra.*

County probation officers act as agencies for the enforcement of the criminal law, and as such it would be entirely competent for the Legislature to compensate them by the ordinary criminal case fees paid to sheriffs and constables. Instead, the Legislature provides for paying such officers a stated salary, instead of fees, out of the fine and forfeiture fund, and we see nothing fundamentally objectionable therein, notwithstanding the holding of this court with regard to the earlier Probation Officer Act dealt with and held unconstitutional in part in Martin v. Board of County Commissioners, 81 Fla. 271, 97 Sou. Rep. 917. The Probation Officer Act has been much broadened since the court decision in regard to the 1911 Act was rendered and therein is to be found the basis for distinguishing the holding in this case from the case last cited.

We hold therefore that the "fine and forfeiture" fund mentioned in Section 3690 C. G. L. 2325 R. G. S. has reference to the fund described as such by Section 2825 C. G. L., 1774 R. G. S., and not to the limited constitutional "fine and forfeiture" fund derived solely by reason of Section 9 of Article XVI of the Constitution, which latter fund may be expended only for costs and expenses of enforcing the criminal law. It follows that payments of probation officer's salaries from the *statutory* fine and forfeiture fund is authorized, at least to the extent that such fund has been augmented by proceeds of county tax levies. There is no allegation or showing in this case that the payments required to be made under the writ of mandamus herein considered will result in the unlawful disbursement of any constitutional fund for an unconstitutional purpose as claimed in the petition for rehearing.

So the petition for rehearing is denied.

WHITFIELD, C. J., and BROWN, and DAVIS, J. J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.