130 So.2d 577 (1961)
Tom B. STEWART, Appellant,
v.
S.E. STONE, Ralph W. Richards, James L. Dixon, Grady B. Williamson, Harris M. Saxon, as County Commissioners of Volusia County, Florida, and Richard W. Ervin, as Attorney General of the State of Florida, and Volusia County, a political subdivision of the State of Florida, Appellees.
No. 30843.
Supreme Court of Florida.
April 14, 1961.
Rehearing Denied June 16, 1961.
*578 Tom B. Stewart, De Land, in pro. per.
Charles W. Luther and Millard B. Conklin, Daytona Beach, for appellees.
PER CURIAM.
Appellant, the owner of a large area of wild and unoccupied lands situate outside of any municipality, filed his complaint in the circuit court as authorized by Chapter 87, Florida Statutes 1955, F.S.A., alleging that portions of said lands are now suitable and in line of development by subdivision for residential or rural home estates or small farm tracts, but to accomplish this, it is necessary that appellant have said property surveyed and platted and maps thereof recorded in the public records of Volusia County, Florida, as required by Chapter 31337, Special Acts of 1955, hereinafter referred to as the map and plat law of Volusia County.
The complaint also alleges that on the 16th day of June, 1955, pursuant to the map and plat law, the County Commissioners of Volusia County, appellees, adopted a resolution purporting to accept all the provisions of said act and to exercise the power conferred upon them by Section 24 thereof to make it operative only in County Commissioner Districts Number One and Four of said county, rather than throughout the whole of said county.
The complaint further alleges that on or about the 17th day of July, 1956, the Board of County Commissioners of Volusia County, pursuant to said map and plat law, adopted a second resolution purporting to make said act operative in all five county commissioners' districts of Volusia County. The complaint then alleges that appended to said resolution of July 17, 1956, were certain forms of agreements and bond forms required of landowners, as well as minimum specifications for roads to be constructed on every platted street shown thereon, same to be approved by the County Commissioners and its engineers before offered for recordation with the Clerk of the Circuit Court of Volusia County.
The complaint challenges the validity of said map and plat law, as well as the resolutions of the Board of County Commissioners adopted pursuant thereto, including the regulations, forms of agreements and bond forms imposed by said Board of County Commissioners as a condition for the approval of any map or plat that may be filed by appellant or anyone else as the owner of property in Volusia County.
The complaint prayed for a final decree holding said map and plat law to be inoperative and void in its entirety as well as the resolutions identified in the record as Exhibits "A," "B," "C," and "D." A motion to dismiss the complaint was overruled, answer was filed wherein none of the allegations of fact in the complaint was denied but it prayed for construction of the map and plat law and the legal sufficiency and reasonableness of the several resolutions adopted thereunder.
A final hearing the court adjudged Sections 2, 3, 4, 5, 6, 7, 20 and 21 of said law invalid and approved it in all other respects except that it declined to pass upon the validity of the resolutions of the County Commissioners for the following reasons:
"That it does not appear that said Plaintiff has availed himself of the administrative remedy provided for by the Plat Law Resolutions of the Board of County Commissioners of Volusia County, Florida, to obtain a variance from Volusia County Plat Law regulations and specifications as applied to the Plaintiff's lands on the ground that the same are unreasonable as to his lands and work an undue hardship upon him as provided in said Plat Law regulations and specifications and that it does not appear that he has been denied such a variance by said Defendants."
From the final decree so entered this appeal was prosecuted.
Counsel for the parties are at variance as to content of the questions presented. In *579 striking down Sections 2, 3, 4, 5, 6, 7, 20 and 21 of the map and plat law, the Chancellor in terms upheld Sections 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22 and 23 of the said law, holding that said sections made a complete and workable law.
Appellant challenges this holding as being in contravention of the police power and for other reasons, but we think the point is concluded by Kass v. Lewin, Fla. 1958, 104 So.2d 572, wherein we were confronted with identical provisions of the Dade County Plat Law, Chapter 25519, Acts of 1949, as amended by Chapter 30202, Acts of 1955, which we upheld. We find no reason in the case at bar to modify or recede from the ruling in Kass v. Lewin.
The second question presented is whether or not the map and plat law authorized the Board of County Commissioners of Volusia County to activate it as to County Commissioners' Districts 1 and 4, then later to activate it as to the other County Commissioners' Districts of the county, making it applicable to the entire county.
This court is committed to the well settled doctrine that "The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose." Ex parte Lewis, 101 Fla. 624, 135 So. 147, 151.
In this case, did the legislature do more than enact a law complete in itself, designated to accomplish a general public purpose and expressly authorize designated officials within definite limits to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose?
The answer to this question is found in Section 24 of the map and plat law which is as follows:
"That this Act shall take effect and apply only to such County Commissioner's District or Districts in Volusia County, Florida, as said Board of County Commissioners of Volusia County, Florida, shall deem it advisable to put the same in effect by Resolution of said Board."
We find nothing in this language that does more than authorize the Board of County Commissioners to exercise its discretion as to time of executing the act which must be done pursuant to the provisions thereof. This court has repeatedly authorized this to be done. The county commissioners have no power to make or amend the law or to add to it in any manner. Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809; State ex rel. Crim v. Juvenal, 121 Fla. 69, 163 So. 569; Mayer v. Dade County, Fla. 1955, 82 So.2d 513, and many others. From these cases and the language of Section 24, we can reach no conclusion except that the Board of County Commissioners had power to activate the map and plat law as to part or all County Commissioners' Districts in Volusia County as it saw fit. It is not contended that anyone was prejudiced in any way by the manner in which said law was activated.
Appellant challenges the provisions of the map and plat law as arbitrary and unreasonable in that certain resolutions adopted by the Board of County Commissioners pursuant to it are unreasonable as to his lands and will work an undue hardship on him in the sale of his lands.
It does not appear from the record that appellant has at any time submitted to the Board of County Commissioners a plat of the lands he desires to place on the market and had it approved or rejected by them. The act assaulted requires the landowner to do this and exhaust all administrative remedies before he can complain of the act *580 or any resolution adopted pursuant to it. Plat law regulations and resolutions may not be challenged for invalidity until this is done. DeCarlo v. Town of West Miami, Fla. 1950, 49 So.2d 596; City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307; Fla. Juris., Vol. 1, page 401.
Plat laws and resolutions enacted pursuant thereto are presumptively valid and will be held to be so until a landowner affected by them shows by competent evidence that they are unreasonable as applied to his property. Appellant admits that he has taken no steps to show that the regulations adopted by the Board of County Commissioners of Volusia County are invalid, arbitrary, or unreasonable as applied to his lands. He is, therefore, not yet in position to complain. State ex rel. Hollywood Jockey Club v. Stein, 133 Fla. 530, 180 So. 863; Florida Citrus Commission v. Golden Gift, Inc., Fla. 1956, 91 So.2d 657; Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, Fla. 1959, 111 So.2d 439.
The map and plat law is a special act relating only to Volusia County, while Chapter 177, Florida Statutes, F.S.A., is a general law relating to similar subject matter. Appellant has devoted considerable space in his brief to the contention that a general act may not be repealed in whole or in part by a special act in the manner proposed by the map and plat law.
It is first suggested or contended the map and plat law is violative of Section 20, Article III of the Constitution, F.S.A. We find no merit to this contention. In fact, there are many instances in the books where special or local acts encroach on general acts, and replace or repeal them in whole or in part and such repeal or encroachment has been upheld. Aside from this, appellant has failed to point out or reveal any facts or circumstances under which for this or other reasons, the map and plat law is invalid.
The provision in the resolution of the County Commissioners dated July 17, 1956, requiring a bond to be posted conditioned on the proper construction of roads by one submitting a plat for approval is not embraced within the act complained of but was imposed by resolution of the County Commissioners. Circumstances could arise in which it might work an undue hardship on appellant but no such hardship is shown here.
Regulations of the Board of County Commissioners may also become so arbitrary and unreasonable as to be an undue restraint on the alienation of one's property. Appellant complains about this but he has not submitted a plat for approval nor has he submitted a statement of facts by which we could venture a judgment as to whether or not he is prejudiced by such a resolution.
The judgment appealed from is therefore affirmed.
Affirmed.
THOMAS, C.J., TERRELL, HOBSON, ROBERTS, DREW and THORNAL, JJ., and ODUM, Circuit Judge, concur.