QUESTIONS: 1. What statutory restrictions are applicable to the use of moneys in a county's fine and forfeiture fund? 2. How do such restrictions affect the use of moneys in a county's fine and forfeiture fund to support the operation of the county sheriff's office?
SUMMARY: If the fine and forfeiture fund is maintained as a separate fund by a county, moneys in such fund which are derived from fines and forfeitures collected under the penal laws of the state should be used only for the payment of legal costs and expenses, including the fees of officers, in criminal cases prosecuted in the name of the state. Moneys in the fine and forfeiture fund not derived from such fines and forfeitures may be used to pay the costs of criminal prosecution as provided in s.142.01, F. S., and all other law enforcement functions and activities of a county authorized by law, including the ordinary operations of a county sheriff's office. The consolidation of the fine and forfeiture fund with other county budgetary funds into a single general fund pursuant to s. 129.011, F. S., does not remove these restrictions on the use of moneys in the county fine and forfeiture fund. Section 9, Art. XVI, State Const. 1885, provided that: In all criminal cases prosecuted in the name of the State when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law, and all fines and forfeitures collected under the penal laws of the State shall be paid into the County Treasuries of the respective Counties as a general County fund to be applied to such legal costs and expenses. (Emphasis supplied.) This provision was judicially construed as requiring fines and forfeitures collected under the penal laws of the state to be paid into the respective county treasuries as a general county fund to be applied to the legal costs and expenses of criminal prosecutions and as prohibiting the utilization of such fines and forfeitures for other purposes. See State ex rel. Martin v. Board of County Comm'rs, 87 So. 917 (Fla. 1921), and Crandon v. Nelson-Bullock Co., 147 So. 582 (Fla. 1933). However, it was clear that this constitutional prohibition applied only to the use of fines and forfeitures imposed for violation of state penal laws and did not apply to the use of other moneys which were paid into a county's fine and forfeiture fund pursuant to s. 2826, Comp. Gen. Laws 1927, s. 1774, Rev. Gen. St. 1920, now appearing as s.142.01, F. S. See State ex rel. Crim v. Juvenal, 163 So. 569, 572
(Fla. 1935), in which it was stated on petition for rehearing that the special tax levy of which the fine and forfeiture fund may be constituted in part, see s. 142.02, F. S., "may be disbursed for any county purpose that the Legislature may authorize." Section 9, Art. XVI, supra, was not carried forward in the 1968 Florida Constitution. However, s. 10, Art. XII, State Const. 1968, provides as follows: All provisions of Articles I through IV, VII and IX through XX of the Constitution of 1885, as amended, not embraced herein which are not inconsistent with this revision shall become statutes subject to modification or repeal as are other statutes. In this regard, I am aware of no inconsistency between that provision of s. 9, Art. XVI, restricting use of fines and forfeitures collected under the penal laws of the state and the 1968 Florida Constitution. Thus, it would appear that upon the effective date of s. 10, Art. XII, supra, January 7, 1969, s. 9, Art. XVI, became a statute, subject to modification and repeal as other statutes. And, since I am likewise unaware of any enactment of the Florida Legislature which has subsequently modified or repealed s. 9, Art. XVI, as a statute, it would appear that the restriction established thereby on the use of fines and forfeitures collected under the penal laws of the state is still applicable. Cf. Advisory Opinion to the Governor, 225 So.2d 512 (Fla. 1969); In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969); AGO's 069-17 and 069-90. Accordingly, until legislatively or judicially determined otherwise, all fines and forfeitures collected under the penal laws of the state should continue to be paid into the county treasuries of the respective counties as a general county fund to be applied only to the payment of legal costs and expenses, including the fees of officers, in criminal cases prosecuted in the name of the state. As to the existence of other statutory restrictions on the use of a county's fine and forfeiture fund, s.142.01, F. S., which was first enacted in 1895, provides as follows: There shall be in every county of this state a separate fund to be known as the fine and forfeiture fund. Said fund shall consist of all fines and forfeitures collected in the county under the penal laws of the state, all costs refunded to the county, all funds arising from the hire or other disposition of convicts and the proceeds of any special tax that may be levied by the county commissioners for expenses of criminal prosecutions. Said funds shall be paid out only for criminal expenses, fees and costs where the crime was committed in the county, and the fees and costs are a legal claim against the county, in accordance with the provisions of this chapter. (Emphasis supplied.) See also s.142.02, F. S., authorizing boards of county commissioners to levy a special tax, not to exceed two mills, upon the real and personal property of the respective counties for such costs of criminal prosecution; and s. 142.03, F. S. In 1951, the Florida Legislature established a budget system for the control of the finances of the boards of county commissioners of the several counties of the state. See Ch. 26874, 1951, Laws of Florida, now Ch. 129, F. S., as amended. As part of that system, six county budgetary funds were authorized, including the fine and forfeiture fund. Section129.01. Section 129.02(3) provides that: The fine and forfeiture fund budget shall contain an estimate of receipts by source and balances as provided herein, and an itemized estimate of expenditures that need to be incurred to carry on all criminal prosecution as provided in s. 142.01, and all other law enforcement functions and activities of the county now or hereafter authorized by law, and of indebtedness of the fine and forfeiture fund; also of the reserve for contingencies and the balance, as hereinbefore provided, which should be carried forward at the end of the year. (Emphasis supplied.) Finally, in 1970 (Ch. 70-282, Laws of Florida), the Legislature enacted s. 129.011, which provides as follows: (1) In order to simplify and otherwise improve the accounting system provided by law and to facilitate a better understanding of the fiscal operation of the county by the general public, the board of county commissioners may, by resolution duly adopted, consolidate any of its separate budgetary funds into a single general fund, except that the road and bridge tax shall be levied under s. 336.59, and shown as a separate budgetary fund. (2) Subsequent to the consolidation of any budgetary funds as provided in subsection (1), the maximum permitted tax millage of the combined fund shall be the total amount authorized by law for the separate funds so consolidated. (3) This section is deemed to be in the general public interests and it is the intent of the legislature that the provisions hereof shall be liberally construed to accomplish the purposes contained herein. (Emphasis supplied.) All laws and parts of laws in conflict with this section were repealed. See s. 3, Ch. 70-282. Construing the foregoing provisions in pari materia, see Singleton v. Carson, 46 So.2d 186, 190 (Fla. 1950), and consistent with the discussion supra concerning the effect of s. 9, Art. 16, State Const. 1885, it would appear that s. 129.02(3), F. S., effected an implied modification of s. 142.01, F. S., to the extent that it expanded the purposes for which those moneys in a county's fine and forfeiture fund not derived from fines and forfeitures collected under the penal laws of the state may be used, i.e., such moneys may be used to defray or fund the expenses of criminal prosecutions as provided in s. 142.01 and for "all other law enforcement functions and activities of the county now or hereafter authorized by law." See Miami Water Works Local No. 654 v. City of Miami, 26 So.2d 194 (Fla. 1946), relating to implied modifications of statutes. However, in the absence of a clear expression of legislative intent to the contrary, I cannot conclude that s. 129.011, F. S., has likewise effected an implied statutory modification so as to remove otherwise applicable statutory restrictions on the use of such moneys. This is because s. 129.011 concerns the consolidation of county budgetary funds for the express purpose of simplifying and improving the accounting system provided by law and does not purport to abrogate existent restrictions on the use of the funds so consolidated. Cf. State v. Gadsden County, 58 So. 232, 235 (Fla. 1912), in which it is stated: . . . [T]he mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute. If the two may operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should each be given the effect designed for them unless a contrary intent clearly appears. In sum, therefore, I am of the opinion that if the fine and forfeiture fund is maintained as a separate fund by a county, moneys in such fund which are derived from fines and forfeitures collected under the penal laws of the state should continue to be used only for the payment of legal costs and expenses, including the fees of officers, in criminal cases prosecuted in the name of the state. As to moneys in the fine and forfeiture fund derived from other sources, see, e.g., ss. 30.231(3) and 142.02, F. S., such moneys may be utilized to pay the costs of criminal prosecution under s. 142.01, F. S., and for all other law enforcement functions and activities of the county authorized by law. See s. 129.02(3), F. S. The consolidation of a county fine and forfeiture fund with other county budgetary funds into a single general fund pursuant to s. 129.011, F. S., does not remove these restrictions on the use of moneys in the county fine and forfeiture fund. It might be noted, parenthetically, that I am also of the view that, until legislatively or judicially determined otherwise, "civil penalties and forfeitures" imposed for noncriminal traffic infractions under the Florida Uniform Disposition of Traffic Infractions Act, Ch. 318, F. S. (Ch. 74-377, Laws of Florida), which are not required by s. 318.21, read in pari materia with s. 316.021, F. S., to be paid into the fine and forfeiture fund, nor in anywise earmarked for the payment of the costs of criminal prosecution within the purview of s. 9, Art. 16, or s. 142.01, F. S., are not subject to the use restriction contained in s. 9, Art. 16, as a statute. AS TO QUESTION 2: The ordinary operation of a county sheriff's office would appear to be a law enforcement activity or function of a county. Thus, consistent with the answer to your first question, I am of the opinion that any moneys in a county's fine and forfeiture fund not derived from fines and forfeitures collected pursuant to the penal laws of the state may be utilized to defray or fund the costs of the ordinary operation of the sheriff's office. See s. 30.49(9), F. S., originally enacted in 1957, which provides that the budget of the sheriff's office shall be included "in the budget of either the general fund or the fine and forfeiture fund, or in part of each"; see also s. 30.231(3), F. S., requiring that all fees collected by a sheriff pursuant thereto "shall be paid monthly into the fine and forfeiture fund of the county"; and s. 30.50(6), F. S. As noted above, the civil penalties and forfeitures imposed for noncriminal traffic infractions under Ch. 318, F. S., are not earmarked for the fine and forfeiture fund or for the payment of the costs of criminal prosecution and, thus, may be used to, inter alia, support the operation of the county sheriff's office.