STATE OF FLORIDA, on the Relation of W. C. GOODJOHN,
v. J. M. LEE, as Comptroller of the State of Florida.

5 So. (2nd) 595

En Banc

Opinion Filed December 9, 1941

Rehearing Denied January 28, 1942

*Keen & Allen,* and *A. Frank O'Kelley, Jr.,* for Relator;

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondent.

WHITFIELD, J.—Chapter 15720, Acts of 1931, which fixed the salaries of some State officers and employees including Assistant State Auditors, was expressly repealed as an entirety by Chapter 15859, Acts of 1933, which latter Act fixed the salaries of some officers and did not fix any salary for Assistant State Auditors, but by Sec. 6 of c. 15859, Acts of 1933, it is expressly provided:

"The annual salaries of all other State officials and/or employees of the State shall be in such amount as may be provided for such office or employment in the General Appropriation Bill for the biennium beginning July 1, 1933."

The General Appropriation Bill of 1933, Chapter 15858, appropriated $66,350.00 per annum for salaries in the State Auditing Department, and the official report of the State Budget Board shows that, as contemplated by the Budget law, there was included in the request of the department and recommendation of the Budget Commission for salaries of the State Auditing Department for the period designated, the following:

"Assistant State Auditors, 12 @ $3,000.00   $36,000.00
 Assistant State Auditors,  6 @ $2,700.00   $16,200.00
 Assistant State Auditors,  6 @ $2,400.00   $14,400.00"

This Act expired July 1, 1935.

As Sec. 4 of c. 15859, Acts of 1933, fixes the salaries of some officers and expressly repealed Chapter 15720, Acts of 1931, which fixed the salaries of Assistant State Auditors at $3,000.00 per annum, and as Sec. 6 of c. 15859, Acts of 1933, also expressly provides that:

"The annual salaries of all other State Officials and/or employees of the State shall be in such amount as may be provided for such office or employment in the General Appropriation Bill for the biennium beginning July 1, 1933," it is clear that the above referred to, provisions of Chapter 15858 appropriated a total of $66,350.00 for salaries of officers and employees which amount, as shown by the official report of the State Budget Commission, apportioned from such total of $66,350.00 the salaries of twelve Assistant State Auditors at $3,000.00 per annum and the salaries of six Assistant State Auditors at $2,700.00 per annum and six Assistant State Auditors at $2,400.00 per annum, such apportionment is a fixing of the compensation of Assistant State Auditors within the meaning of Sec. 27, Art. III of the Constitution.

The alternative writ does not show that the relator was one of the twelve Assistant State Auditors who were entitled to receive $3,000.00 per annum under the Act of 1933 when he was appointed in September, 1934.

The General Appropriation Bill of 1935, c. 16772, Acts of 1935, appropriated annually for two years for salaries of the State Auditing Department $93,000.00. From such total, as shown by the official report of the State Budget Commission, there was apportioned to the salary of one Assistant State Auditor at $3,600.00,

"Auditors, 10 at $3,000.00—$30,000.00, Auditors, 5 at $2,700.00; Auditors, 9 at $2,400.00; Auditor, 1 at $2,100.00; Auditors, 11 at $1,800.00, etc.

By the General Appropriation Bill of 1937 there was appropriated:

"Salaries $90,000.00" Assistant State Auditors: 9 at $3,000.00; 9 Auditors at $2,700.00; 4 Auditors at $2,400.00, etc.; "Additional Auditors to be used at the discretion of the Governor $17,000.00"

Relator was commissioned in 1934 as Assistant State Auditor and he does not show that he was entitled to the salary of Assistant State Auditor at $3,000.00 per annum under any of the Act in force during the period he held a commission as Assistant State Auditor. *Non constat* the position to which he was appointed was in the $2,700.00 per annum class under the General Appropriation Acts of either 1933, 1935 or 1937.

In mandamus the relator's right and the respondent's duty to perform must be clear and properly supported by the allegations of facts and by the applicable law.

Chapter 11837 and Section 11, Chapter 11279, Acts of 1927, were superseded by Chapter 15720, Acts of 1931, which latter Chapter was expressly repealed by Section 4 of Chapter 15859, Acts of 1933. This left Section 6, Chapter 15859, Acts of 1933, the controlling law as to the compensation of Assistant State Auditors.

In State, *ex rel.* Williams v. Lee, Comptroller, the relator was appointed Assistant State Auditor when the salary was $3,000.00 per annum under Chapter

15720, Acts of 1931, and when the General Appropriation Bill of 1931 appropriated $3,000.00 per annum for ten Assistant State Auditors and the General Appropriation Bill of 1933 appropriated a total of $66,350.00 for salaries of the State Auditing Department and a portion of that total was alloted to the salaries of twelve Assistant State Auditors at $3,000.00 per annum, the showing made by the record in that case led to the judgment rendered, the relator having resigned May 3, 1935, before the General Appropriation Bill of 1935 became effective.

In this case the relator was appointed in September, 1934, and resigned December 15, 1938, during which period the Appropriation Acts of 1933, 1935 and 1937 were in force and applicable to this case.

Chapter 10034, Acts of 1925, created a State Budget Board, consisting of the Governor and the six administrative officers of the Executive Department, Sec. 16, Art. IV, Constitution. The statute provides that:

"On or before the fifteenth day of January, biennially, prior to the meeting of the State Legislature, each of the several State departments, bureaus, divisions, officers, commissions, institutions, and other agencies and undertakings receiving or asking financial aid from the State of Florida, shall report to the budget commission, on official estimate blanks furnished for such purpose, an estimate in itemized form showing the amount needed for the next two years beginning with the first day of July thereafter." (Sec. 1367 C.G.L., Sec. 2, c. 8426, Acts '21)

"The departments, bureaus, divisions, officers, boards, commissions, institutions, or other agencies or undertakings of the State, upon request, shall im-

mediately furnish to the budget commission, in such form as they may require, any information desired by them in relation to their respective affairs or activities." (Sec. 1370 C.G.L., Sec. 5, c. 8426, Acts 1921).

"Within five days after the beginning of each regular session of the Legislature, the budget commission shall submit to the presiding officer of each House printed copies of a budget, based on their own conclusions and judgment, containing a complete and itemized plan of all proposed expenditures for each State department, bureau, division, officer, board, commission, institution, or other agency or undertaking, classified by function, character and object, and of estimated revenues for each year beginning with the first day of January thereafter. Opposite each item of the proposed expenditures the budget shall show in separate parallel colunms the amount appropriated for the last preceding appropriation year, for the current appropriation year, and the increase or decrease.". (Sec. 1373 C.G.L., Sec. 8, c. 8426, Acts 1921).

"The Legislature may increase or decrease items in the budget bill as it may deem to be in the interests of greater economy and efficiency in the public service. All bills introduced in either House carrying appropriations shall be itemized in accordance with the classifications used in the budget." (Sec. 1375 C.G.L., Sec. 10, c. 8426, Acts 1921)

There are other pertinent provisions of the statute. See Sec. 1366 C.G.L.

Under the above quoted statute the requests of a State department for appropriations to cover salaries in the department with the recommendation of the Budget Commission as to amounts to be appropriated

for such salaries are officially before the legislature not to control legislative action but as authorized information as to the salaries requested for the department and officially recommended by the Budget Commission consisting of the Governor and the six State Administrative officers; and when the appropriation made by statute is of a total sum to cover all salaries of the Department, the official records as to what amounts for different salaries were requested and recommended and are included in the appropriations, may be considered. This may be necessary in view of Sec. 6, c. 15859, Acts of 1933.

It follows that alternative writ heretofore issued is now quashed and the cause is dismissed.

So ordered.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.