PER CURIAM.
Supreme Court of Florida
Glenn Terrell, Chief Justice
Tallahassee
June 6, 1957
Honorable LeRoy Collins
Governor of Florida
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your letter of June 5, 1957, submitting to us under Section 13 of Article IV of the Constitution of Florida, F.S.A. a request for advice relating to your executive powers and' duties. Your letter reads as follows:
“Honorable Glenn Terrell, Chief Justice, and Honorable Justices of the Supreme Court of Florida
“Supreme Court Building
“Tallahassee, Florida
“Gentlemen:
Re: Effect of extended session upon time within which Governor may act upon bills presented to him within last five-days of extended session.
“Section 28 of Article III of the Florida Constitution provides in part:
“ ‘If any bill shall not be returned! within five days after it shall have been presented to the Governor, (Sunday excepted) the same shall be a law, in like manner as if he had signed it. If the Legislature, by its final adjournment prevent such action, such bill shall be a law, unless the Governor within twenty (20) days after the adjournment, shall file such bill with his objections thereto,' in the office of the Secretary of State, who shall lay the same before the Legislature at its next session, and if the same shall receive two-thirds of the votes present it shall become a law.’
“This provision was adopted by the people of Florida at the general election in 1954.
“In 1956, the people adopted an amendment to Section 2 of Article III, reading in part:
“ ‘Regular sessions of the legislature may extend to sixty (60) days, but no special session convened by the governor shall exceed twenty (20) days. Thé regular sixty (60) day biennial session of the legislature may, by a three-fifths *605 vote of the membership of both houses, be extended not exceeding a total of thirty (30) days which need not be- consecutive. Recesses in such extended session shall be taken only by joint action of both houses. No extended session may last beyond September 1st following the regular biennial session. During such extended session, no additional proposed legislation shall be introduced unless consent is first obtained by a two-thirds (%) vote of the members of the House into which it is sought to be introduced.’
“The Legislature, at its current biennial session, has, by House Concurrent Resolution No. 2078, agreed to extend the session through Saturday, June 8th, to midnight. A copy of said resolution is attached.
“As a result of the extension of the regular session for said period of time, I have considered it to be my duty to act upon any bills enacted during the regular session but delivered to me during the extended session, within five days after the same have been presented to me. This has resulted in a large and unanticipated volume of work.
“In addition to the increased burden resulting from the extended session and the pressure of having to act within said five day period as aforesaid, I am now faced with the further problem that large numbers of bills passed during the regular session are now being processed daily by the Legislature and its staffs and presented to me for action. I anticipate that this deluge of bills will increase daily during the remainder of this extended session.
“Under the above circumstances, and pursuant to the authority of Section 13 of Article IV of the Constitution of Florida, I respectfully ask your advice upon the following question:
“Will I have twenty days after June 8 within which to act upon bills reaching me during the last five days of the extended session ?
“As I see it, this necessarily involves the basic question of whether or not the extension provided under the aforesaid resolution is the final action which this Legislature may take in extending the term of the current regular biennial session.
“Respectfully,
“/s/ LeRoy Collins
“Enclosure Governor”
Your question is answered in the affirmative.
By House Concurrent Resolution No. 2078 the regular sixty-day session resolved as follows:
“Section 1. Under the authority of Article III, Section 2, of the constitution, the Legislature of Florida extends ' the present session beginning on Saturday, June 1st through Saturday, June 8th, to twelve (12) o’clock midnight.”
Implicit in your inquiry is the necessity of determining whether the current extension of the regular sixty-day biennial session can be further extended by Concurrent Resolution beyond the terminal date fixed by House Concurrent Resolution No. 2078. In view of the manner in which the present extended session was accomplished we are of the view that the curent extension cannot be further extended.
A legislative body has no inherent power to convene itself in special or extraordinary session for any purpose. It enjoys such power only when so endowed by the organic law. When such authority is granted by the Constitution it must be exercised strictly in accord with the stipulations of the organic grant.
A careful analysis of Section 2,, Article III, as amended in 1956, suggests *606 that only “the regular sixty (60) day biennial session” may be extended. There is no authorization for an extension of an “extended session.” The exercise of the power to extend the “regular session” is explicitly limited to the regular sixty day session by the following language of the Constitution itself, towit:
“The regular sixty (60) day biennial session of the legislature may, by a three-fifths vote of the membership of both houses, be extended * * *.”
So it is that by virtue of the specific language of the Constitution the power to vote an “extension” under Section 2, Article III, expires at the end of the sixtieth day of the regular biennial session.
This leads us to the view that such action as the Legislature takes making provision for an extension of its regular session must be taken during the regular session itself. The Legislature could have provided for an extension of a certain number of days not exceeding thirty and not necessarily consecutive. It then could have recessed from time to time within the extended period by joint action of the two Houses. This course, however, was not employed. Instead the Legislature extended its session for a stipulated period and established a definite terminal date and hour. Having done this it spent its authority under the organic provision quoted.
You may therefore safely assume that you will have twenty (20) days after June 8, 1957 within which to consider and act upon any bills presented to you within five days prior to June 8, 1957.
Nothing herein is to be construed as any limitation on the calling of an extra session under the so-called legislative “self-starter” provisions of Section 2, Article III, Florida Constitution, or your own authority as Governor to convene the Legislature in extraordinary session Under Section 8, Article IV, of the Constitution.
Respectfully,
GLEN TERRELL Chief Justice
ELWYN THOMAS T. FRANK HOBSON B. K. ROBERTS E. HARRIS DREW CAMPBELL THORNAL STEPHEN O’CONNELL Justices