225 So.2d 512 (1969)
In re ADVISORY OPINION TO THE GOVERNOR.
No. 38821.
Supreme Court of Florida.
July 17, 1969.
*513
 SUPREME COURT OF FLORIDA
 TALLAHASSEE
 32304
 July 17, 1969
Honorable Claude R. Kirk, Jr.
Governor, State of Florida
Capitol
Tallahassee, Florida 32304
Dear Governor:
We have the honor to acknowledge your executive inquiry dated July 8, 1969, which, omitting the formal parts, reads as follows:
"According to the provisions of Section 1(c) of Article IV, Florida Constitution, the Governor is authorized to request an opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor's powers and duties.
"Under the provisions of Section 6, Article IV, of the Florida Constitution, which has been cited by many as a mandate to the Legislature to reorganize the executive branch of state government into an organized and comprehensive plan, it is provided that:
`All functions of the executive branch of state government shall be allotted among not more than 25 departments, exclusive of those specifically provided for or authorized in this Constitution. The administration of each department, unless otherwise provided in this Constitution, shall be placed by law under the direct supervision of the governor, *514 the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor, * * *.'
"The 1969 Legislature, pursuant to the mandate of the above quoted section, enacted Senate Bill 650, which became law on June 19, 1969, and provided for the creation of twenty-two departments within the executive branch of state government, one of which was the Department of Administration.
"Upon the adoption of the Constitution of 1968, Section 5, Article III, was omitted and by virtue of Section 10 of Article XII, became a statute subject to modification or repeal as are other statutes. The section contained language as follows:
`No Senator or member of the House of Representatives shall, during the time for which he was elected, be appointed, or elected to any civil office under the Constitution of this State that has been created or the emoluments whereof shall have been increased during such time.'
"May I call your attention to the case of State, ex rel., Hawthorne v. Wiseheart, 158 Fla. 267, 28 So.2d 589, wherein the Court held the purpose of this section (Section 5, Article III, Constitution of 1885), is to remove the temptation on the part of the Legislature to raise the salary of or create public officers [sic] and get themselves appointed thereto.
"The evil sought to be remedied, that of creating offices for which legislators may be appointed, was not the motivation or purpose of the Legislature in creating the twenty-two departments which comprise the executive branch. Rather, their motivation and purpose was to carry out the constitutional mandate to reorganize and modernize state government. It should be pointed out that no section of Senate Bill 650 establishes any salary limitations within the confines of the bill, and specifically provides that the head of the Department of Administration shall be appointed by the Governor subject to confirmation by the Senate, and that `the Secretary shall serve at the pleasure of the Governor.'
"At the time that Mr. George Caldwell was appointed by me as Secretary of Administration, there was no doubt in my mind that such appointment could be made. But, since then a question has arisen as to the legality of such appointment and the fact that it is my duty to appoint a person capable of serving as Secretary of the Department of Administration, I find it necessary to receive a clarification of my executive authority to appoint a member of the Florida House of Representatives to the position of Secretary of Administration. Specifically, I have the honor of requesting your written opinion on the following questions:
1. Is the position of Secretary of Administration a civil office within the purview of the former Section 5, Article III, of the Constitution of 1885?
2. Am I authorized to appoint a former member of the Florida Legislature, whose elected term would have expired in November of 1970, to the position of Secretary of Administration, in light of the language contained in the former Section 5, Article III, of the Constitution of 1885?"
The specific questions propounded by your inquiry are not answerable in haec verba because they request advice regarding your executive powers under statutes. Under Fla. Const. art. XII, § 10 (1968), the provisions of Fla. Const. art. III, § 5 (1885), became a statute. It has not been modified or repealed by the Legislature and remains in effect as a part of the statutory law of Florida. Under Fla. Const. art. IV, § 1(c) (1968), this Court is without power to render an advisory opinion to the Governor regarding his statutory, as contrasted to his constitutional, powers and duties. In this respect the rule remains the same as it was under Fla. Const. art. IV, § 13 (1885).
*515 However, implicit in your inquiry is your executive entitlement to be advised regarding your powers and duties under Fla. Const. art. IV, § 1(a) (1968), which requires that the Governor "shall take care that the laws be faithfully executed, commission all officers of the state and counties, and transact all necessary business with the officers of government." [Emphasis added.] This executive responsibility is directly related to the requirements of Fla. Const. art. IV, § 6 (1968), regarding the administration of consolidated executive departments under various officials including "an officer appointed by and serving at the pleasure of the governor * * *" [Emphasis added.] Indeed, under Fla. Const. art. IV, § 1(a) (b) and (f) (1968), it could become quite essential, as it is here, that the Governor be authoritatively informed whether a particular position is filled by an "officer" or mere "employee."
Over the years this Court has not hesitated to respond to executive inquiries where a governor's constitutional powers were implicitly or inherently involved and required judicial interpretation, even though the inquiry was submitted in a form suggesting refusal of a reply. In such instances the form of the inquiry has been judicially evaluated in the light of the actual substance of the problem presented. If the latter requires a construction of the Constitution regarding the Governor's powers and duties this Court has consistently undertaken to respond to the inquiry. Advisory Opinion to the Governor, 95 So.2d 603 (Fla. 1957); In re Advisory Opinion to the Governor, 132 So.2d 1 (Fla. 1961).
We have the view that your letter presents a substantial problem necessitating advice regarding your executive powers and duties under the above-cited provisions of the Florida Constitution (1968).
We have on several occasions responded to executive inquiries regarding the constitutional power of the Governor to make appointments under the Constitution in the light of particular statutes creating a position or providing the method of filling one. In re Advisory Opinion to the Governor, 63 So.2d 321 (Fla. 1953), involving the status of the Hotel Commissioner; In re Advisory Opinion to the Governor, 132 So.2d 1 (Fla. 1961), regarding eligibility of a state senator for the position of Director of Conservation created during his term as senator; and, In re Advisory Opinion to the Governor, 171 So.2d 539 (Fla. 1965), regarding power of the Governor to appoint members of Board of Regents. See also Advisory Opinion to the Governor, 94 Fla. 620, 113 So. 913 (Fla. 1927).
The critical question, therefore, is whether the Secretary of Administration created by Ch. 69-106, § 31(1), June 19, 1969, and appointed by you under Fla. Const. art. IV, § 6 (1968), pursuant to the cited statute, is an officer subject to constitutional and statutory restrictions and qualifications regarding officers of the state government.
Your letter accurately points out that the subject position was created by Ch. 69-106, supra, and that your named appointee, Hon. George Caldwell, was a member of the Legislature that enacted the statute. We understand that his term as a legislator does not expire until November, 1970. The position was created by the Legislature albeit the statute was enacted to implement the organic mandate of Fla. Const. art. IV, § 6 (1968). Advisory Opinion to Governor, [156 Fla. 55], 22 So.2d 458 (Fla. 1945). The last-cited section of the Constitution is not self-executing despite the fact that it is a clear mandate to the Legislature to take action. Nevertheless, "anti-featherbedding" restrictions are as applicable to such legislation as they would be to enactments independently initiated by the Legislature. The opportunity to bargain for votes in exchange for promised appointments is equally present in both situations. Please be emphatically assured that we do not imply that this evil even remotely existed in the particular situation *516 you present. We merely intend to restate the reason for the rule as it has historically developed.
Under Fla. Const. art. IV, § 6 (1968), the Secretary of Administration must necessarily be an officer. He is not a mere employee. That section, in part, provides: "The administration of each department * * * shall be placed by law under the direct supervision of * * * an officer * * * appointed by and serving at the pleasure of the governor * * *." By the very language of the Constitution it is required that the administrative head of each reorganized department be one of the stated elected officials or an officer appointed by the Governor.
The statute which created the position by its expressed terms describes it as an office. Ch. 69-106, § 7 provides in part:
"Unless otherwise provided herein, when this act provides for the appointment of a secretary or any other officer to be made by the governor * * * the governor shall fill such office by appointment, and the person so appointed shall be entitled to take and hold such office. * * * No person rejected by the senate shall be appointed to the same office thereafter during the term of the governor." [Emphasis added.]
In view of these controlling constitutional and implementing statutory provisions, we find it unnecessary to explore in depth the distinctions between "officer" and "employee" as we have done on occasions in the past.
You are advised that the Secretary of Administration is an "officer" within the contemplation of Fla. Const. art. IV § 1(a) and Fla. Const. art. IV, § 6. As such, his appointment is subject to all constitutional and statutory qualifications and restrictions governing the eligibility of individuals for appointment to public office, including Fla. Const. art. III § 5 (1885), which now stands as an unrepealed statute under the provisions of Fla. Const. art. XII § 10 (1968).
Under Rule 2.1h., Florida Appellate Rules, we find it unnecessary to require briefs or oral arguments. Because of the vital public interest involved and the potentials for public injury inherent in the problem, we have considered it advisable to file this opinion prior to the minimum ten day period from docketing of the request which is otherwise required to elapse before filing such opinions under the cited rule.
 Respectfully,
 RICHARD W. ERVIN
 Chief Justice,
 B.K. ROBERTS
 E. HARRIS DREW
 CAMPBELL THORNAL
 VASSAR B. CARLTON
 JAMES C. ADKINS, Jr.
 JOSEPH A. BOYD, Jr.
 Justices.