QUESTION: Is it a violation of Art. II, s. 5(a), State Const., for the Governor to appoint the Lieutenant Governor to serve as Secretary of Administration and for the Lieutenant Governor to carry out the duties of both offices?
SUMMARY: Under Art. IV, s. 6, State Const., the designated state officials, including the Lieutenant Governor, are specifically authorized to serve as the heads of state departments created by law pursuant to the mandate of that section; and this provision constitutes an exception to Art. II, s. 5(a), id., prohibiting a person from holding at the same time more than one office under the government of the state and the counties and municipalities therein. Article II, s. 5(a), supra, provides in pertinent part that "[n]o person shall hold at the same time more than one office under the government of the state. . . ." The Secretary of Administration holds an "office" subject to all constitutional and statutory qualifications and restrictions governing eligibility of individuals for appointment to public office. In re Advisory Opinion to the Governor, 225 So.2d 512 (Fla. 1969). And, of course, the Lieutenant Governor is an "officer" within the purview of such restrictions. However, it is well settled that all provisions of a constitution must be read and effect given to the whole so as to effectuate the overall objectives reflected by the organic document. Barrow v. Holland, 125 So.2d 749 (Fla. 1960). A construction of the constitution which nullifies or renders inoperative any of its provisions is to be rejected. State v. Bryan, 39 So. 929 (Fla. 1905); State v. Butler, 69 So. 771 (Fla. 1915); Burnsed v. Seaboard Coastline R. Co., 290 So.2d 13 (Fla. 1974). And Art. IV, s. 6, State Const., contemplates that the Lieutenant Governor may serve as the head of a state department. This particular provision of the Constitution provides in pertinent part that The administration of each department, unless otherwise provided in this constitution, shall be placed by law under the direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor. . . . (Emphasis supplied.) In light of this express constitutional mandate, it cannot seriously be contended that the dual-office prohibition of the Constitution would prohibit the Lieutenant Governor (or any member of the cabinet) from serving as the head of a state department. See in re Advisory Opinion to the Governor, 225 So.2d 512, 516 (Fla. 1969), in which the court said that, by the very language of this provision of the Constitution, it is required that the administrative head of each reorganized department "be one of the stated elected officials or an officer appointed by the Governor." (Emphasis supplied.) And cf. s. 20.17, F.S., providing that the Governor "may assign the lieutenant governor the duty of serving as the head of the department of commerce. . . ." Thus, under well-settled rules of construction, the provisions of Art. IV, s. 6, supra, operate as an exception to the dual-office prohibition insofar as the propriety of the "stated elected officials" serving as heads of state departments is concerned. And your question, as stated, should be answered in the negative. Under Art. IV, s. 2, State Const., the Lieutenant Governor is required to perform "such duties pertaining to the office of governor as shall be assigned to him by the governor, except when otherwise provided by law, and such other duties as may be prescribed by law." The question of whether this or any other provision of constitutional or statutory law authorizes the Governor to designate the Lieutenant Governor to serve as the head of a state department — and, in particular, the Department of Administration — was not presented; nor, in the absence of any authoritative decision of the Supreme Court, could a categorical yes or no answer to this question properly be given by this office. However, it seems clear that the Legislature could, under Art. IV, s. 2, supra, specifically authorize the Governor to assign the duties of the Secretary of Administration to the Lieutenant Governor as it did in the case of the Secretary of Commerce.