BOOTH, Judge,
dissenting:
I respectfully dissent.
The trial court correctly ruled the purported enactment of Senate Bill 1249 was invalid. Appellants’ arguments to the contrary are impercipient.
The Florida Constitution requires a three-fifths vote of the membership of each house in order to extend a legislative session and dictates that, during such an extension, no new business shall be taken up in either house without the consent of two-thirds of the membership.[1]
Senate Concurrent Resolution 1318, passed by the requisite three-fifths vote of both houses, provides:
A CONCURRENT RESOLUTION extending the regular 1979 legislative session under the authority of Article III, Section 3, of the State Constitution; establishing limitations in scope of legislation to be considered; providing for exceptions.

The 1979 regular session of the Florida Legislature is extended until noon, Wednesday, June 6, 1979, under the authority of Article III, Section 3 of the State Constitution.
The regular session so extended shall only consider the general appropriations bill, the House and Senate Conference Committee Report thereon with related implementing measures; House Bill 1707 relating to Pari-Mutuel Wagering; Senate Bill 1317 relating to drug abuse and the redefinition of cannabis; tax relief; certification of judges; establishment of the Fifth District Court of Appeals; regulatory practice acts; intradistrict legislative expenses; legislative salaries; and in addition, such other matters or new business as may be taken up with the consent of a two-thirds vote of the membership of each house, (emphasis added)
Appellants would have us consider the three-fifths extension vote independent of the limitations imposed by SCR 1318, supra. They urge that limitations on legislation to be considered, limitations not met by Senate Bill 1249, were not binding so as to render Senate Bill 1249 invalid.
*120 I would reject appellants’ contentions in this regard, as the trial court wisely did.[2]
Limitations on legislation to be considered in the extended session were part and parcel of the extension vote itself and may not be severed. This court cannot speculate that the necessary three-fifths vote would have been obtained without the appended limitations. The integrity of the vote itself is the issue, an issue of constitutional import.
The legislative body may not accept the extension vote by its members without honoring the limitations accompanying that vote and, on commencement of the extended session, had no power to alter[3] or abandon limitations imposed during the regular session.
The judgment below should be affirmed.

. Art. III, § 3(d), Fla. Const.:
A regular session of the legislature shall not exceed sixty consecutive days, and a special session shall not exceed twenty consecutive days, unless extended beyond such limit by a three-fifths vote of each house. During such an extension no new business may be taken up in either house without the consent of two-thirds of its membership.

. Order of the trial court:
The Constitution places the power to extend the session by a three-fifths vote of each house. Section 3(d), Article III. Such extension is accomplished in this case through the passage by requisite vote in each house of SCR 1318. The policy of the Constitution is clearly stated that legislative sessions be of limited duration, with sixty consecutive days being the duration of the regular session and twenty consecutive days for a special session. The power of extension does not prescribe a maximum time limit. However, logic, reason, and a policy of an extension by a three-fifths vote would necessarily impiy that those whose vote for the extension are necessary may impose whatever conditions they may deem wise to restrict the time of the extension and the matters to be considered. Therefore, the restrictions of subject matter to be taken up, as set forth in SCR 1318, control the scope of the measures to be considered. Measures taken up and acted upon outside of the restrictions of the concurrent resolution are not validly enacted, (emphasis added)

. See, Advisory Opinion to Governor, 95 So.2d 603, 606 (Fla.1957):
[S]uch action as the Legislature takes making provision for an extension of its regular session must be taken during the regular session itself.